**CASE NO. 25-1188**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JOSHUA DIEMERT,

Plaintiff-Appellant,

v.

CITY OF SEATTLE,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Western District of Washington
Case No. 2:22-cv-01640-JNW

_____

**MOTION OF THE MANHATTAN INSTITUTE
FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF-APPELLANT AND REVERSAL**

_____

Ilya Shapiro
  *Counsel of Record*
Tim Rosenberger
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
ishapiro@manhattan.institute

July 22, 2025

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***

Pursuant to Fed. R. App. P. 29(a)(3), movant Manhattan Institute respectfully submits this motion for leave to file brief as *amicus curiae* in the above-captioned proceeding. Counsel for movant sought consent from all parties and received it from Plaintiff-Appellant. Defendant-Appellee, however, neither consented nor objected.

**INTEREST OF MOVANT**

The Manhattan Institute for Policy Research ("MI") is a nonpartisan public policy research foundation whose mission is to develop and disseminate ideas that foster greater economic choice and individual responsibility. To that end, it has historically sponsored scholarship supporting constitutionally protected liberties and opposing governmental overreach. It also files *amicus curiae* briefs in cases such as this one, to help educate courts on areas within MI's unique expertise—which includes civil rights and antidiscrimination law.

This case interests movant because it highlights ongoing misinterpretations of both the Equal Protection Clause and Title VII in the context of hostile work environments.

1

## THE BRIEF'S RELEVANCE AND DESIRABILITY

Courts are "usually delighted to hear additional arguments from able *amici* that will help the court toward right answers." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an *amicus* provides "information on matters of law about which there was doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (citation omitted).

Movant is well-suited to help this Court in this case involving complex matters of Title VII jurisprudence. Its brief explains that Defendant's actions were part of a racial initiative, which created a discriminatory and hostile work environment. It further clarifies that, by refusing to consider the totality of circumstances and by, instead, noting that "instances of discrimination against the majority are rare and unusual" the lower court erred in granting summary judgment.

Movant offers a unique perspective on the district court's decision and how it misinterprets the parties' burdens of production, while threatening the equal protection promised by the Fourteenth Amendment. Given the subject matter and the implications for employees in the future, movant requests leave to file a brief as *amicus curiae*.

## CONCLUSION

The movant respectfully requests that this Court grant this motion for leave to file a brief as *amicus curiae* in support of Plaintiffs-Appellant.

Respectfully submitted,

/s/ *Ilya Shapiro*
Ilya Shapiro
   *Counsel of Record*
Tim Rosenberger
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
(212) 599-7000
July 22, 2025          ishapiro@manhattan.institute

3

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed this brief using the appellate ACMS system and that all participants are registered ACMS users and will be served via that platform.

Dated: July 22, 2025

*/s/ Ilya Shapiro*
Ilya Shapiro
Counsel for Movant
